# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BERTON G. TOAVS,

     Petitioner,

vs.

ISIDRO BACA, et al.,

     Respondents.

Case No. 3:14-cv-00211-RCJ-VPC

**ORDER**

Petitioner has paid the filing fee.  The court has reviewed his petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Petitioner will need to show cause why the court should not dismiss this action because it is untimely.

Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

1  28 U.S.C. § 2244(d)(1).  If the judgment is appealed, then it becomes final when the Supreme Court

2  of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of

3  certiorari expires.  Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009).  See also Sup. Ct. R.

4  13(1).  Any time spent pursuing a properly filed application for state post-conviction review or other

5  collateral review does not count toward this one-year limitation period.  28 U.S.C. § 2244(d)(2).

6  The period of limitation resumes when the post-conviction judgment becomes final upon issuance

7  of the remittitur.  Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005).  A prior federal

8  habeas corpus petition does not toll the period of limitation.  Duncan v. Walker, 533 U.S. 167, 181-

9  82 (2001).  Section 2244(d) is subject to equitable tolling.  Holland v. Florida, 560 U.S. 631, 645

10  (2010).  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been

11  pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and

12  prevented timely filing."  Id. at 649 (quoting Pace, 544 U.S. at 418).  Actual innocence can excuse

13  operation of the statute of limitations.  McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013).  "'[A]

14  petitioner does not meet the threshold requirement unless he persuades the district court that, in light

15  of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a

16  reasonable doubt.'"  Id. (quoting Schlup v. Delo, 515 U.S. 298, 329 (1995)).  "'[A]ctual innocence'

17  means factual innocence, not mere legal insufficiency."  Bousley v. United States, 523 U.S. 614,

18  623 (1998).  "In cases where the Government has forgone more serious charges in the course of plea

19  bargaining, petitioner's showing of actual innocence must also extend to those charges."  Id. at 624.

20  The petitioner effectively files a federal petition when he mails it to the court.  Stillman v.

21  Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).  The court can raise the issue of timeliness on its

22  own motion.  Day v. McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1043

23  (9th Cir. 2001).

24         On August 14, 2001, pursuant to a plea of guilty, petitioner was convicted in state district

25  court of two counts of lewdness with a child under the age of fourteen (14) and one count of sexual

26  assault.  Petitioner appealed the judgment of conviction.  This court takes judicial notice of the on-

27

28

line docket of the Nevada Supreme Court in <u>Toavs v. State</u>, No. 38488.[1]  The Nevada Supreme Court affirmed on March 1, 2002.  The judgment of conviction became final on May 30, 2002.

On February 25, 2003, two hundred seventy-one (271) days later, petitioner filed a post-conviction habeas corpus petition in state district court.  This petition tolled the federal one-year period pursuant to 28 U.S.C. § 2244(d)(2).  The state district court denied the petition.  Petitioner appealed.  This court takes judicial notice of the on-line docket of the Nevada Supreme Court in <u>Toavs v. State</u>, No. 49109.[2]  The Nevada Supreme Court affirmed on March 6, 2008.  Remittitur issued on April 1, 2008.

On or around November 19, 2006, petitioner mailed a federal habeas corpus petition to this court, <u>Toavs v. Helling</u>, No. 3:06-cv-00645-LRH-VPC.  On January 17, 2007, the court dismissed the petition without prejudice because petitioner only challenged the time it was taking in the state courts to decide his state habeas corpus petition, and such a claim is not addressable in federal habeas corpus.  Judgment was entered on January 19, 2007.  This federal habeas corpus petition did not toll the federal one-year period of limitation.  However, the one-year period was tolled because the state habeas corpus petition was pending at the same time.

Petitioner does not state when he mailed his current federal habeas corpus petition to the court.  The court received it on April 21, 2014.

On its face, the petition is untimely.  Two hundred seventy-one (271) days passed between the finality of the judgment of conviction and the filing of the state habeas corpus petition.  After the state habeas corpus proceedings concluded, the one-year period resumed.  It expired at the end of July 7, 2008, taking into account that the last day otherwise would have been Independence Day, and then a weekend followed immediately.  Petitioner filed his current federal petition in this court almost six (6) years after the expiration of the one-year period.  Petitioner will need to show cause why the court should not dismiss the action.

---

[1]http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=4376 (report generated September 9, 2014).

[2]http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=16879 (report generated September 9, 2014).

1      Petitioner has submitted a motion for appointment of counsel.  Whenever the court

2 determines that the interests of justice so require, counsel may be appointed to any financially

3 eligible person who is seeking habeas corpus relief.  18 U.S.C. § 3006A(a)(2)(B).  "[T]he district

4 court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to

5 articulate his claims pro se in light of the complexity of the legal issues involved."  Weygandt v.

6 Look, 718 F.2d 952 (9th Cir. 1983).  There is no constitutional right to counsel in federal habeas

7 proceedings.  McCleskey v. Zant, 499 U.S. 467, 495 (1991).  The factors to consider are not

8 separate from the underlying claims, but are intrinsically enmeshed with them.  Weygandt, 718 F.2d

9 at 954.  After reviewing the petition, the court determines that appointment of counsel is not

10 warranted.

11      IT IS THEREFORE ORDERED that the clerk of the court shall file the petition for a writ of

12 habeas corpus pursuant to 28 U.S.C. § 2254.

13      IT IS FURTHER ORDERED that the clerk of the court shall file the motion for appointment

14 of counsel.

15      IT IS FURTHER ORDERED that the motion for appointment of counsel is **DENIED**.

16      IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry

17 of this order to show cause why the court should not dismiss this action as untimely.  Failure to

18 comply with this order will result in the dismissal of this action.

19      IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto, Attorney

20 General for the State of Nevada, as counsel for respondents.

21      IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a

22 copy of the petition and this order.  Respondents' counsel shall enter a notice of appearance herein

23 within twenty (20) days of entry of this order, but no further response shall be required from

24 respondents until further order of the court.

25      Dated:  September 16, 2014.

26

27

28                             ROBERT C. JONES
                            United States District Judge