# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BERTON G. TOAVS,

    Petitioner,

vs.

ISIDRO BACA, et al.,

    Respondents.

Case No. 3:14-cv-00211-RCJ-VPC

**ORDER**

    The court directed petitioner to file an amended petition. Order (#10). Petitioner filed three (#11, #12, #13). Apparently there was some confusion whether the electronic filing from the prison had reached the court. The three amended petitions all are identical. To avoid any possible confusion, the court will strike the two latter-filed amended petitions. The court also has reviewed the amended petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The court will dismiss one ground because it is not addressable in federal habeas corpus. Respondents will need to respond to the remaining grounds.

    Ground 3 is a claim that petitioner was deprived of due process because the state district court did not grant a continuance at the evidentiary hearing for the state post-conviction habeas corpus petition for post-conviction counsel to locate two witnesses, at least one of whom counsel believed could be subpoenaed. This is a claim of error in the state post-conviction proceedings. "[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings." Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989); see also Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997). The court dismisses ground 3.

IT IS THEREFORE ORDERED that the amended petitions filed on December 9, 2015 (#12), and on December 14, 2015 (#13) are **STRICKEN**.

IT IS FURTHER ORDERED that ground 3 of the amended petition (#11) is **DISMISSED**.

IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from the date of entry of this order to answer or otherwise respond to the petition. Respondents shall raise all potential affirmative defenses in the initial responsive pleading, including untimeliness, lack of exhaustion, and procedural default. Successive motions to dismiss will not be entertained. If respondents file and serve an answer, then they shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and then petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply. If respondents file a motion, then the briefing schedule of Local Rule LR 7-2 shall apply.

IT IS FURTHER ORDERED that any exhibits filed by the parties shall be filed with a separate index of exhibits identifying the exhibits by number or letter. The CM/ECF attachments that are filed further shall be identified by the number or numbers (or letter or letters) of the exhibits in the attachment. The hard copy of any additional state court record exhibits shall be forwarded—for this case—to the staff attorneys in Las Vegas.

IT IS FURTHER ORDERED that henceforth, petitioner shall serve upon respondents or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the respondents or counsel for the respondents. The court may disregard any paper received by a district judge or magistrate judge that has not been filed with the clerk, and any paper received by a district judge, magistrate judge, or the clerk that fails to include a certificate of service.

DATED: This 21st day of April, 2016.

_____
ROBERT C. JONES
United States District Judge