# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BERTON G. TOAVS,

    Petitioner,

vs.

ISIDRO BACA, et al.,

    Respondents.

Case No. 3:14-cv-00211-RCJ-VPC

**ORDER**

    Before the court are the amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 11), respondents' motion to dismiss (ECF No. 17), petitioner's opposition (ECF No. 21), and respondents' reply (ECF No. 22).  The court grants the motion in part because this action is untimely and because petitioner has not shown that equitable tolling is warranted.

    Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is appealed, then it becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009). See also Sup. Ct. R. 13(1). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). A prior federal habeas corpus petition does not toll the period of limitation. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

Section 2244(d) is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace, 544 U.S. at 418).

Pursuant to a guilty plea agreement, on August 14, 2001, petitioner was convicted in state district court of two counts of lewdness with a child under the age of 14 years and one count of sexual assault. Ex. 7 (ECF No. 18-7). Petitioner appealed. The Nevada Supreme Court affirmed on March 1, 2002. Ex. 11 (ECF No. 18-11). For the purposes of 28 U.S.C. § 2244(d)(1), the judgment of conviction became final, and the one-year period started running, with the expiration of time to petition for a writ of certiorari, on May 30, 2002.

On February 25, 2003, 271 days later, petitioner filed a post-conviction habeas corpus petition in state district court. Ex. 12 (ECF No. 18-12). The state district court denied the petition on March 1, 2007. Ex. 16 (ECF No. 18-16). Petitioner appealed. The Nevada Supreme Court affirmed the denial on March 6, 2008. Ex. 19 (ECF No. 18-19). Remittitur issued on April 1, 2008 (ECF No. 18-20).

The one-year period was tolled under 28 U.S.C. § 2244(d)(2) while the state post-conviction habeas corpus petition was pending. The period resumed after issuance of the remittitur. The period expired on July 7, 2008.

While the state post-conviction habeas corpus petition was pending, petitioner filed a habeas corpus petition in this court, <u>Toavs v. Helling</u>, 3:06-cv-00645-LRH-VPC. The court dismissed the action. This earlier federal habeas corpus petition had no effect upon the running of the one-year period of § 2244(d)(1). First, federal habeas corpus petitions are not eligible for tolling of the one-year period. <u>Walker</u>, 533 U.S. at 181-82. Second, the one-year period already was tolled because petitioner's state post-conviction habeas corpus petition was pending at the time.

Petitioner did not state when he mailed his original habeas corpus petition (ECF No. 6) to this court. The court received it on April 21, 2014, petitioner signed it on April 17, 2014, and a prison official dated the financial certificate on February 13, 2014. None of these dates would make the action timely.

Petitioner's arguments for equitable tolling do not persuade the court. First, petitioner repeats his argument that he did not know about the Nevada Supreme Court's decision on the appeal from the denial of the state post-conviction habeas corpus petition, nor that he knew about the issuance of the remittitur. ECF No. 21, at 2, 7. <u>See also</u> ECF No. 9, at 2.[1] Petitioner has not demonstrated any diligence. Attached to petitioner's showing of cause are a letter to petitioner's state post-conviction counsel and an inmate request form. ECF No. 9, at 4-7. In both documents, petitioner asked about the Nevada Supreme Court's decision and issuance of the remittitur. However, petitioner sent out these inquiries on September 22, 2014, <u>after</u> this court informed petitioner on September 16, 2014, that the action was untimely. This was six and a half years after the Nevada Supreme Court decided petitioner's post-conviction habeas corpus appeal. If petitioner would have been diligent, then he would have inquired earlier.

---

[1] The court is liberally construing petitioner's argument to incorporate his showing of cause, ECF No. 9. Petitioner's actual argument in his opposition to the motion to dismiss is that he never received the Nevada Supreme Court's remittitur, but he is silent about whether he received the Nevada Supreme Court's decision. ECF No. 21, at 2, 7. Although tolling of the one-year period under 28 U.S.C. § 2244(d)(2) does not end until the issuance of the remittitur, that issuance is automatic unless petitioner applied for panel rehearing, <u>en banc</u> reconsideration, or certiorari from the Supreme Court of the United States. Nev. R. App. P. 41(b). If the court analyzed only petitioner's argument in the opposition, then the implication would be that petitioner received the Nevada Supreme Court's decision but not the remittitur. Petitioner would have known in 2008 that his appeal was unsuccessful. He would not be able to show the diligence necessary for equitable tolling.

Petitioner also has not demonstrated any extraordinary circumstances that would have prevented him from commencing this action earlier than when he did. Petitioner states that between his first federal habeas corpus petition in 2006 and July 2011 he had three surgeries. He also states that after the third surgery he filed a civil rights action in this court, Toavs v. Bannister, 3:12-cv-00449-MMD-WGC. That action currently is on appeal. Although petitioner is trying to use Toavs v. Bannister to demonstrate that he has medical problems, what he actually has demonstrated is that he has been able to litigate in court since at least August 23, 2012. That was when he commenced Toavs v. Bannister, and it was around one year, eight months before he commenced this action. If petitioner was able to litigate a civil rights action in this court, then nothing was stopping him from commencing a federal habeas corpus action in this court earlier than when he did.

Petitioner presents other arguments in his opposition, but they address the merits of his petition and are not germane to the issue of timeliness.

Respondents also argue that the petition is procedurally defaulted and that petitioner has not exhausted his state-court remedies for some of his claims. The court will not address these arguments because the court is dismissing the action as untimely.

Reasonable jurists would not find the court's conclusions to be debatable or wrong, and the court will not issue a certificate of appealability.

IT IS THEREFORE ORDERED that respondents' motion to dismiss (ECF No. 17) is **GRANTED** in part. This action is **DISMISSED** as untimely. The clerk of the court shall enter judgment accordingly and close this action.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

Dated: This 16th day of February, 2017.

_____
ROBERT C. JONES
United States District Judge